UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JACK T. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 1:15-CV-019-HSM-CHS |
| | ) |
| DOUG COOK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 8]. Petitioner has filed a response in opposition to the motion to dismiss [Doc. 11]. For the following reasons, the motion to dismiss [Doc. 8] will be **GRANTED** and this action will be **DISMISSED**.

On April 18, 2007, Petitioner pled guilty to four counts of aggravated sexual battery in the Criminal Court of Sumner County, Tennessee. *State v. Jones*, No. M2007-01494-CCA-R3-CD, 2008 WL 4853156, at *1 (Tenn. Crim. App. Nov. 10, 2008); *perm. app. denied* Tenn. May 11, 2009; [Doc. 10-1 p. 21]. Petitioner was ordered to serve nine years on each count, with the sentences for three of the four counts to be served consecutively, resulting in a twenty-seven year effective sentence. *Id.*

On July 2, 2007, Petitioner filed an appeal of his conviction in which he asserted that the trial court erred in requiring him to serve his sentences consecutively and in giving him more than the maximum sentence. *State v. Jones*, No. M2007-01494-CCA-R3-CD, 2008 WL 4853156 (Tenn. Crim. App. Nov. 10, 2008); *perm. app. denied* Tenn. May 11, 2009; [Doc. 10-1 p. 26-28]. On November 10, 2008, the Tennessee Court of Criminal Appeals ("TCCA") remanded the case

for the trial court to modify Petitioner's total effective sentence to twenty-four years, but otherwise affirmed the trial court's judgments. *Id*. at *8–9. On August 3, 2009, the Criminal Court for Sumner County entered amended judgments in accordance with the TCCA's finding [Doc. 12-1].

On March 21, 2014, Petitioner filed a "Motion to Reopen Post-Conviction Petition" in Sumner County Criminal Court, which was treated as a motion for post-conviction relief as Petitioner had not previously sought post-conviction relief [Doc. 10-10 p. 3–20, 27]. The post-conviction court denied the petition as time-barred, finding that no due process issues tolled the statute of limitations and that the Tennessee Criminal Court of Appeals had previously determined the issue raised therein [*Id.* at 27–28]. The Tennessee Court of Criminal Appeals affirmed this denial on the same grounds. *Jones v. State*, No. M2014-00863-CCA-R3-PC, 2014 WL 4458911 (Tenn. Crim. App. Sept. 10, 2014), *perm. app. denied* Dec. 18, 2014.

Petitioner filed the instant §2254 petition on January 15, 2015 [Doc. 1 p. 15].

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review . . . . [or]
>
> \*   \*   \*
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

Where a criminal defendant receives a new sentence, that judgment permits him to file a new application to attack the sentence and/or the conviction. *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015 (quoting *Magwood v. Patterson*, 561 U.S. 320, 338 (2010)). Thus, the statute of limitations clock begins to run anew when the amended judgment becomes final. *Id.* at 157.

As set forth above, on August 3, 2009, the Criminal Court for Sumner County entered amended judgments regarding Petitioner's sentence [Doc. 12-1]. Nothing in the record suggests that Petitioner appealed or otherwise filed any post-judgment motions regarding these amended judgments. As such, the amended judgments became final on September 2, 2009, thirty days after their entry. *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001) (holding that "[a] trial court's judgment as a general rule becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed).

Petitioner, therefore, would have had to have filed a § 2254 petition by September 2, 2010, for the petition to be timely. Moreover, Petitioner's 2014 petition for collateral review of his sentence did not affect Petitioner's time to file an AEDPA petition, as the statute of limitations had already run had already run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t[he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Thus, as Petitioner did not file his §2254 motion until January 15, 2015 [Doc. 1 p. 15], it is clearly time-barred, unless something tolled the limitations period.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner states that the statute of limitations for his claims should be tolled under *Teague v. Lane*, 489 U.S. 288 (1989) because his attorney was ineffective for allowing Petitioner to be "placed" under the 2005 sentencing act, rather than the 1989 sentencing act [Doc. 1 p. 19; Doc. 11 p. 2]. *Teague*, however, only sets forth the circumstances under which new constitutional rules of criminal procedure become retroactively applicable to cases on collateral review. *Id.* at 300–310 (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). Petitioner's assertion that his counsel was ineffective does not set forth

any new and/or retroactive constitutional rule that would make this § 2254 petition timely. Thus, Petitioner has failed to establish that he is entitled to equitable tolling.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's procedural rulings, a COA will not issue.

Accordingly, Respondent's motion to dismiss the § 2254 petition [Doc. 8] will be **GRANTED** and this action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE